**Edilberto SALAS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 953, Docket 96–2935.**

United States Court of Appeals, Second Circuit.

Argued Feb. 13, 1998.

Decided March 12, 1998.

John A. Cirando, D.J. & J.A. Cirando, Syracuse, NY, for Petitioner–Appellant.

Stuart M. Altman, Assistant U.S. Attorney, Brooklyn, NY (Zachary W. Carter, U.S. Attorney for Eastern District of New York, Brooklyn, NY, Susan Corkery, Assistant U.S. Attorney, of counsel), for Respondent–Appellee.

Before: JACOBS, LEVAL, and LAY,* Circuit Judges.

PER CURIAM:

Appellant Edilberto Salas unsuccessfully petitioned the United States District Court for the Eastern District of New York (Korman, *J.*) for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking to vacate his plea of guilty to a charge of using and carrying a gun in violation of 18 U.S.C. § 924(c) in light of the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *Bailey* held that a conviction under the "use" prong of section 924(c) "requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense," *id.* at 143, 116 S.Ct. at 505 and thereby overruled the prior law in this Circuit, which had required a much less stringent showing to support a conviction for "use" under § 924(c).

On appeal, we address first whether a defendant who has pleaded guilty to a § 924(c) violation may mount a collateral attack post-*Bailey;* and second, whether the facts admitted by Salas on his plea were adequate to uphold his conviction under the alternative "carrying" prong of the statute. We conclude that Salas may mount a collateral attack under these circumstances, but because he pleaded guilty admitting facts that constitute the crime of carrying, his conviction should stand.

## BACKGROUND

On April 9, 1992, Salas and three co-conspirators were arrested in the course of a transaction in which they agreed to purchase cocaine from a federal agent acting undercover. Salas and codefendant Miguel Fernandez drove to Fernandez's travel agency in Queens to pick up the money to make the buy. After picking up the money, Salas drove Fernandez and two additional codefendants, Lydia Torres and Mabel Caquimbo, to New York City to meet the undercover agent. The defendants made one stop en route, at which Fernandez and Torres briefly left the car, while Salas and Caquimbo remained inside the car.

At the designated meeting place, the agent entered Salas's car. Fernandez displayed to him cash sufficient to buy the drugs. The agent announced his readiness to go forward with the deal and left the car. Salas and his codefendants were then arrested.

---

* The Hon. Donald P. Lay, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Agents searched the car that Salas had been driving and recovered a loaded nine millimeter semiautomatic handgun from beneath the front passenger seat. That seat had been occupied by Fernandez except when it was occupied by Caquimbo during the brief period that Fernandez and Torres were out of the car.

Salas was indicted and charged with (1) conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and (2) using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). On September 9, 1992, Salas pleaded guilty to both counts of the indictment.

During his plea allocution, which was conducted through an Official Spanish Interpreter, Salas conceded that he had knowingly transported the gun in the car to the place of the planned narcotics transaction and that his purpose in doing so was to provide protection to the conspirators in the drug transaction:

> THE COURT: But you were driving the car, weren't you?
>
> THE DEFENDANT: Yes.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> THE COURT: Just tell me what you knew.
>
> THE DEFENDANT: That the weapon was in the car.
>
> THE COURT: All right. Where in the car was it?
>
> THE DEFENDANT: In the forward part on the right-hand side.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> THE [COURT]: But did you [know] that the purpose of the weapon being in the car was to protect you, Torres and Fernandez from harm, should the drug deal go down?
>
> THE DEFENDANT: Yes.
>
> THE COURT: No question about that?
>
> THE DEFENDANT: No.

On November 27, 1992, following the trial and acquittal of Fernandez on the § 924(c) charge, Salas moved to withdraw his plea of guilty to that count of the indictment. In aid of his motion, Salas asserted that he had been unaware of the gun's presence during the negotiation and that his previous allocution to the contrary resulted from a translation error.

The district court conducted a hearing, at which Mabel Caquimbo testified to facts consistent with Salas's plea allocution. Specifically, Caquimbo testified that Salas knew that the gun was under the seat and that he intended to use it for protection.

The district court denied Salas's motion to withdraw the plea.

## DISCUSSION

█ The first question presented is whether a defendant who pled guilty to using a firearm in violation of § 924(c) can mount a collateral *Bailey* attack on that plea. As we foreshadowed in dicta in *Triestman v. United States*, 124 F.3d 361, 368 n. 6 (2d Cir. 1997), we now hold a petitioner may collaterally attack a guilty plea in these circumstances.

█ Because a guilty plea is considered an admission of all the elements of the crime, it is not ordinarily subject to collateral attack. However, a plea may be collaterally attacked if it was not knowing or not voluntary, *see United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989), and a plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). As the Seventh Circuit has reasoned in reaching the same conclusion that we adopt now:

> [Y]es, [petitioner] admitted certain facts, and those facts *at that time* were thought to constitute a crime under § 924(c). But the Supreme Court has since said that simple possession of a gun does not a § 924(c) crime make. By his plea, [petitioner] waived a challenge to the facts themselves, and those facts have not changed. But how can [petitioner] be held to have waived his right to challenge whether those facts constituted a crime when at the time they did, and after *Bailey*

they may not? He could not possibly be viewed as having voluntarily waived what turns out to be a *Bailey* challenge when *Bailey* did not exist at the time he pled guilty.

*Lee v. United States,* 113 F.3d 73, 75 (7th Cir.1997) (citation omitted); *see also United States v. Carter,* 117 F.3d 262, 265 (5th Cir. 1997) (per curiam) (vacating conviction and sentence pursuant to guilty plea on collateral review in light of *Bailey* ). We conclude therefore that while petitioner cannot now challenge the facts underlying his guilty plea, he may invoke an intervening change in law to challenge collaterally whether those facts would constitute a crime.

■ The second question presented is whether at his plea, Salas admitted conduct that constituted the offense of carrying a gun in relation to a drug transaction, therefore rendering *Bailey* 's change in the law of "use" irrelevant to Salas's conviction. The facts Salas admitted on his allocution constitute the crime of "carrying." We have previously defined carrying as either having physical possession of the firearm (on one's person), or moving the firearm from one place to another. *United States v. Canady,* 126 F.3d 352, 358 (2d Cir.1997). Salas admitted he knowingly transported the gun in the car for purposes related to the drug transaction. Specifically, Salas admitted that he drove the car to the place where the drug transaction was to occur, that he knew the gun was in the car, and that the gun was there to protect himself and his co-defendants during the transaction. To drive a car known to contain a gun is to transport the gun. Transporting a gun in a car is as much "carrying" it as it would be if the gun were carried in the defendant's hand or pocket. The defendant thus admitted facts that constituted the crime of carrying under § 924(c). *See United States v. Giraldo,* 80 F.3d 667, 674 (2d Cir.1996) ("[D]efendant[ ] could properly be convicted under § 924(c) if, in connection with [a narcotics transaction he] either used or carried a firearm."). *Bailey* 's change in the standard for establishing "use" has no effect on Salas's conviction.

**CONCLUSION**

The district court's denial of Salas's petition pursuant to 28 U.S.C. § 2255 is affirmed.