164 F.3d 76
 UNITED STATES of America, Appellee,
v.
Enrique SIMMONS, Defendant-Appellant,
Joseph Pratt, George Silva, Darren Rivero, Shawn Marino,
Randolph Wallace, Kevin Williams, Leo Orvalle, Bernard Mack,
Shariece Parsons, Alfredo Berenger, Ronald Green, Glen L.
Roland, John Murray, Henry Hagins, Robert Wilson, Defendants.
 Docket No. 98-1244.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 1, 1998.
Decided Dec. 14, 1998.
 
 Cheryl G. Bader, Lincoln Square Legal Services, Inc., New York, N.Y. (James A. Cohen, of counsel), for Defendant-Appellant.
 Meir Feder, Assistant United States Attorney, Southern District of New York, New York, N.Y. (Mary Jo White, United States Attorney; Dietrich L. Snell, Assistant United States Attorney, of counsel), for Appellee.
 Before: VAN GRAAFEILAND, CABRANES, and NOONAN,* Circuit Judges.
 PER CURIAM:
 
 
 1
 The principal question presented is whether a sentencing court may consider admissions made during a guilty plea hearing on a count that is dismissed prior to sentencing.
 
 
 2
 Defendant Enrique Simmons appeals a sentence of imprisonment of 322 months imposed by the United States District Court for the Southern District of New York (John E. Sprizzo, Judge ) at a resentencing hearing on April 2, 1998. Simmons argues, inter alia, that the district court violated his right to due process of law by imposing a sentence enhancement without adequate proof, by failing to make required factual findings, and by improperly relying upon the grand jury indictment against him in imposing the sentence enhancement. For the reasons stated below, we affirm the sentence of imprisonment, and we remand for the sole purpose of correcting the amount of a special assessment imposed by the district court.
 
 I.
 
 3
 On November 3, 1989, Simmons pled guilty before Judge Pierre N. Leval to two counts of a multi-count indictment: count one, which charged him with participating in a conspiracy to distribute and possess with intent to distribute over 50 grams of cocaine base, in violation of 21 U.S.C. § 846; and count seventeen, which charged him with using and aiding and abetting the use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). During the course of his plea allocution, Simmons admitted he carried a firearm to protect himself in connection with his participation in a drug dealing conspiracy. On April 23, 1990, Judge Leval sentenced Simmons to consecutive terms of imprisonment of 262 months on count one and of 60 months on count seventeen, for a total prison sentence of 322 months.
 
 
 4
 On April 21, 1997, Simmons filed a pro se petition pursuant to 28 U.S.C. § 2255 seeking to vacate his count seventeen firearm conviction under 18 U.S.C. § 924(c) in light of the Supreme Court's intervening holding in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), that "use" of a firearm under the statute meant active employment of the firearm in the course of committing a drug trafficking crime, not mere possession of it during that time. Judge Sprizzo, with the consent of the government, granted the petition, on the ground that, while count seventeen charged Simmons with the use of a firearm, Simmons had only admitted to carrying a firearm. Judge Sprizzo also ordered an amended presentence report ("PSR") and scheduled a resentencing hearing limited to Simmons' conviction under count one only.
 
 
 5
 In its new PSR, the Probation Office properly applied the version of the Sentencing Guidelines used at Simmons' first sentencing hearing and recommended the same base offense level and the same increases and reductions as it had in its first PSR. However, the report also recommended to Judge Sprizzo an additional two-level increase pursuant to U.S.S.G. § 2D1.1(b)(1),[1] because "[t]he defendant possessed a dangerous weapon during the commission of the offense." The base offense level and adjustments yielded a Guidelines range of 324 to 405 months, but the Probation Office recommended imprisonment of 322 months, the term imposed by Judge Leval at Simmons' first sentencing hearing. Although Simmons objected to the enhancement for possession of a firearm during his drug trafficking offense and requested a reduction for acceptance of responsibility, Judge Sprizzo, at a March 23, 1998 hearing, adopted the Probation Office's recommendations and imposed a sentence of imprisonment of 322 months. This appeal followed.
 
 II.
 
 6
 Simmons first argues that the district court erred in enhancing his sentence for possession of a firearm because the government did not produce sufficient evidence to support the enhancement. This argument is unavailing, as the government (and the district court in granting the enhancement) relied on Simmons' own admissions during his November 3, 1989 guilty plea hearing. The official transcript of the hearing before Judge Leval includes the following colloquy:
 
 
 7
 The Court: Now, with respect to Count 17 [charging violation of 18 U.S.C. § 924(c) ], did you have possession of any guns?
 
 
 8
 Defendant Simmons: That's what's in the overt act, but I never did.
 
 
 9
 The Court: Never had any possession of guns?
 
 
 10
 Defendant Simmons: No. Yes.
 
 
 11
 The Court: You are changing your answer?
 
 
 12
 Defendant Simmons: Yes.
 
 
 13
 The Court: You did have possession of guns?
 
 
 14
 Defendant Simmons: Yes.
 
 
 15
 The Court: Count 17 charges that on or before April 27th in 1989 you did use or aid and abet the use of a gun in relation to the conspiracy set forth in Count 1; is that correct?
 
 
 16
 Defendant Simmons: Yes.
 
 
 17
 The Court: Will you tell me a little bit about that.
 
 
 18
 Defendant Simmons: We was carrying the protectors.
 
 
 19
 The Court: You were carrying a gun as protection?
 
 
 20
 Defendant Simmons: Yes.
 
 
 21
 The Court: Was that to protect your drug dealing activity?
 
 
 22
 Defendant Simmons: To protect myself.
 
 
 23
 The Court: To protect yourself in connection with your drug dealing activity?Defendant Simmons: Yes.
 
 
 24
 The Court: And you knew it was a gun?
 
 
 25
 Defendant Simmons: Yes.
 
 
 26
 The Court: I asked you before whether you were involved in a planned group activity for the sale of crack.
 
 
 27
 Defendant Simmons: Yes.
 
 
 28
 The Court: And your carrying this gun was to protect you in connection with that planned group activity of selling crack?
 
 
 29
 Defendant Simmons: Yes.
 
 
 30
 (emphasis added). Simmons contends his plea allocution was not admissible to support the sentence enhancement at his resentencing because his conviction on count seventeen had been vacated.
 
 
 31
 Generally, " 'sentencing judges are not restricted to information that would be admissible at trial. 18 U.S.C. § 3661. Any information may be considered, so long as it has sufficient indicia of reliability to support its probable accuracy.' " United States v. Brach, 942 F.2d 141, 144 (2d Cir.1991) (quoting U.S.S.G. § 6A1.3 (quotation marks and citation omitted)). It is true, of course, that Federal Rule of Evidence 410 prohibits the admission at trial of statements made in the course of a later-withdrawn guilty plea. However, that rule does not apply in the circumstances presented here. See Fed. R. Evid. 1101(d)(3) ("The rules (other than with respect to privileges) do not apply in ... [inter alia] sentencing."). The statements at issue in this case were made at a guilty plea hearing under oath in open court and are not covered by privilege rules. We do not suggest here that the Rules of Evidence would permit the use at sentencing of potentially privileged statements, such as those made in the context of plea discussions with government counsel. See Fed. R. Evid. 410, 501, 1101(d)(3). In the circumstances of the instant case, we conclude that Simmons' challenge to the admissibility of the record of the plea allocution is without merit.[2]
 
 III.
 
 32
 Defendant also contends that his guilty plea to count seventeen of the indictment was not knowingly and voluntarily made because it was based on a misapprehension of the law with regard to the government's need to establish his active use of a firearm under section 924(c). Therefore, defendant argues, the government's later use of his statements made in the course of that plea allocution violates his rights to due process of law and freedom from compelled self-incrimination.
 
 
 33
 Simmons' argument is contrary to the law of this Circuit. In a case involving a post-Bailey collateral challenge to a conviction following a guilty plea to a section 924(c) charge, we held that, because of a change in the law, the plea may be challenged as not having been knowing and voluntary. See Salas v. United States, 139 F.3d 322, 324 (2d Cir.1998). However, we made it clear in Salas that the facts admitted in the course of that guilty plea were not open to challenge. " 'By his plea, [defendant] waived a challenge to the facts themselves, and those facts have not changed.' " Id. (quoting Lee v. United States, 113 F.3d 73, 75 (7th Cir.1997)). Defendant in the instant case was entitled to collaterally attack his guilty plea--and he has done so successfully. However, he is not entitled to expungement from the record of factual admissions underlying that guilty plea, including the admission that he had possessed a firearm while committing a drug trafficking offense.
 
 IV.
 
 34
 In addition to his claim that there was insufficient proof for a firearm enhancement, defendant argues that the district court erred by failing to make specific findings to support the enhancement. He relies on United States v. Ortega, 94 F.3d 764, 767-68 (2d Cir.1996), where we vacated a firearm enhancement on the ground that the district court's factual findings left unclear whether the defendant had himself possessed a firearm in relation to a drug offense. In the instant case, there is no such lack of clarity. In imposing the enhancement, Judge Sprizzo relied on the record of defendant's guilty plea before Judge Leval, in which defendant admitted under oath that he had carried a gun to protect himself in connection with the planned group activity of selling crack cocaine. We hold that the record of the proceedings before Judge Leval provides an adequate basis for us to conclude that Judge Sprizzo's later decision rested on permissible grounds supported by the evidence.
 
 V.
 
 35
 Finally, defendant argues that the district court improperly relied on the fact that a grand jury indicted Simmons under § 924(c) to support the firearm enhancement. We disagree. It is clear from the transcript of the resentencing hearing that the district court relied not on the indictment, but, rather, on Simmons' plea allocution. At the hearing, when defense counsel claimed that the government had not offered proof to support the new enhancement, the district court observed, "No, they have offered his allocution." The district court devoted much of the hearing to the issue of whether it was unfair to use the allocution to support an enhancement, and, in that context, referred to the grand jury indictment to demonstrate that the allocution was not the only source of the government's knowledge of Simmons' firearms possession. However, the district court flatly stated that it was not relying on the grand jury indictment as the factual basis for its finding that the firearm enhancement applied:
 
 
 36
 I am not saying that I am using that [the grand jury indictment] as proof of a basis for the enhancement. I am saying that as a refutation of your argument that it is unfair to use his plea against him because they had no other proof.
 
 
 37
 The court clearly relied on the record of defendant's admissions at an earlier sentencing hearing in imposing the firearm enhancement, not on the fact that a grand jury had indicted Simmons on the § 924(c) violation charged in count seventeen.
 
 VI.
 
 38
 At oral argument, the government brought to our attention that the district court at the time of resentencing imposed a special assessment of $100 pursuant to 18 U.S.C. § 3013. The government conceded that the assessment should have been in the amount of $50, because defendant was convicted prior to the effective date of a statutory amendment increasing the amount of a special assessment for a felony from $50 to $100. See Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, § 210, 110 Stat. 1214 (1996). Accordingly, we vacate so much of the judgment as imposed the special assessment of $100 and remand to the district court for the sole purpose of entering a new or corrected judgment setting the special assessment at $50.
 
 CONCLUSION
 
 39
 For the reasons stated above, the judgment of the district court is affirmed as to the sentence of imprisonment and vacated and remanded solely for correction of the amount of the special assessment.
 
 
 
 *
 The Honorable John T. Noonan, Jr., of the United States Court of Appeals for the Ninth Circuit, sitting by designation
 
 
 [1]
 Section 2D1.1(b)(1) instructs the district court to increase a defendant's sentence for an offense involving drugs by two levels "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1) (emphasis added)
 
 
 [2]
 The government also draws our attention to a February 23, 1998 letter to the district court, in which Simmons' counsel wrote, "While technically Mr. Simmons' words may be admissible at a sentencing hearing, it would be grossly unjust to use the now invalid plea allocution as the vehicle to increase his sentence." Although this letter might arguably be seen as conceding the admissibility of Simmons' testimony, we need not reach the letter's effect. With or without the letter, Simmons' testimony was properly considered by the district court