Rafael **FIUMARA**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**No. 00 CIV. 0408(JES).**
**No. 88CR.0217(JES).**

United States District Court,
S.D. New York.

April 3, 2002.

Rafael Fiumara, Otisville, NY, Petitioner Pro Se.

Mary Jo White, United States Attorney, for the Southern District of New York, New York, NY (David Raymond Lewis, Assistant United States Attorney, Of Counsel), for Respondent.

## MEMORANDUM ORDER AND OPINION

SPRIZZO, District Judge.

Petitioner brings the above-captioned action for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel at trial and that the Court's finding of drug quantity was in violation of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). For the reasons set forth below, petitioner's claims are dismissed as both procedurally barred and without merit.

## BACKGROUND

On June 7, 1997, petitioner was convicted following a jury trial on two (2) counts of conspiracy. Count One charged petitioner with conspiracy to distribute and possess with the intent to distribute heroin pursuant to 21 U.S.C. § 846. Count Two charged petitioner with conspiracy to import heroin to and export cocaine from the United States pursuant to 21 U.S.C. § 963.

Following his conviction, petitioner moved for a new trial based on claims of *per se* ineffective assistance of counsel.[1] On September 12, 1997, the Court concluded that petitioner could not establish *per se* ineffective assistance of counsel, nor, moreover, could his claims satisfy the constitutional standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In dismiss-

---

1. Petitioner alleged that the personal and professional problems of trial counsel, Philip B. Stone, rendered such counsel *per se* ineffective. In presenting his case, petitioner, with the assistance of new counsel, supplemented the record with portions of prior disciplinary proceedings reprimanding Stone for over-billing a former client.

ing petitioner's motion, the Court found that Stone offered "vigorous" representation and that there was no evidence that Stone was at all hindered by any of his prior disciplinary issues. *See* Tr. of Post–Trial Hr'g, dated Sept. 12, 1997 at 5, 10–12.

Thereafter, on March 4, 1998, the Court sentenced petitioner under § 841(b)(1)(A) and § 960(b)(1) to two (2) concurrent terms of 167 months imprisonment and five (5) years supervised release. In reaching this sentence, the Court made a factual finding that the quantity of drugs involved in the conspiracy was between fifteen (15) and fifty (50) kilograms of cocaine and also concluded, by a preponderance of the evidence, that the conspiracy's duration made the newest revision of the Sentencing Guidelines ("Guidelines") applicable. *See* Tr. of Sentencing, dated March 4, 1998 at 2, 35–36. The Court then found that pursuant to the new Guidelines, petitioner qualified for a two (2)-point enhancement based on his leadership role in the conspiracy and an additional two (2)-point enhancement because he obstructed justice by committing perjury.[2] As a result, petitioner's base offense was raised from thirty-four (34) to thirty-eight (38), a level carrying a range of 235 to 293 months. The Court's sentence of 167 months reflected a sixty-eight (68) month adjustment downward in recognition of time petitioner served in Italy.

With the assistance of new counsel, petitioner again argued—this time before the United States Court of Appeals for the Second Circuit ("the Second Circuit")—that Stone's trial representation constituted ineffective assistance of counsel, both *per se* and as defined under *Strickland.* Petitioner further alleged that the trial court erred in sentencing him under the revised Guidelines and in applying the two (2)-point obstruction of justice enhancement. The Second Circuit affirmed petitioner's sentence by summary order, finding "no merit" to any of petitioner's contentions. *See* Summ. Order, 2d Cir., Jan. 15, 1999. Moreover, the Second Circuit specifically rejected petitioner's arguments regarding his sentence, including the alleged impropriety of the applied enhancements and the notion that petitioner was denied effective assistance of counsel. *See id.*

## DISCUSSION

### A. *Ineffective Assistance of Counsel Claims*

In addition to the above-described ineffective assistance claims, petitioner now alleges that trial counsel was ineffective because he: (1) advised petitioner that he would be sentenced under pre-Guidelines law; (2) failed to give petitioner adequate advice regarding pleading guilty; (3) urged petitioner to proceed with the "public authority" defense; and (4) advised petitioner that he would not be subject to a sentencing enhancement for committing perjury at trial. Generally, a petitioner is entitled to raise ineffective assistance of counsel claims on collateral attack; however, such claims are not permissible when they were previously brought on direct appeal. *See Billy–Eko v. United States,* 8 F.3d 111, 114–15 (2d Cir.1993) (citing *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). Furthermore, although a petitioner does not waive his claims of ineffectiveness by failing to bring

---

**2.** As the Court explained at sentencing:
  In this case, the falsity of [Fiumara's] testimony is incontrovertibly established ... by the documentary proof that exists. I heard his testimony at trial and I would not have

enhanced but for the fact that he got caught with clear and convincing evidence of perjury.
  Tr. of Sentencing at 33.

them on direct appeal, where there is new appellate counsel and where the record on ineffectiveness has been established at trial, a petitioner must show cause and prejudice for his failure to raise such claims on direct appeal. *See Billy–Eko*, 8 F.3d at 115.

■ In this case, petitioner's claims relating to trial counsel Stone's alleged professional and personal problems were raised on direct appeal with the help of new counsel and, therefore, are procedurally barred. To the extent petitioner now raises new claims, not part of his direct appeal, such claims are also barred because they are based on events at trial and thus were capable of being brought on direct appeal. Indeed, because petitioner raised a claim of erroneous sentencing on direct appeal, he had sufficient information at that time to bring the instant claim regarding trial counsel's alleged representations that the old Guidelines would apply at sentencing. Similarly, petitioner's claims that trial counsel wrongly advised him on whether to accept a plea agreement and whether to pursue a public authority defense are based on events at trial and were also available to petitioner on his direct appeal. Furthermore, petitioner has demonstrated neither cause for nor prejudice resulting from his failure to raise his new claims on direct appeal. "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause .... " *See Murray v. Carrier*, 477 U.S. 478, 486–87, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Even assuming petitioner's ineffective assistance allegations were properly before the Court, such claims are nonetheless without merit because they fail to meet the *Strickland* test. A prisoner challenging a conviction on Sixth Amendment ineffective assistance of counsel grounds must demonstrate both (1) that his attorney's performance was so unreasonable under prevailing professional norms that "counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052, and (2) that the ineffectiveness prejudiced him such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

■ As an initial matter, contrary to petitioner's assertions, Stone's advice and strategy did not fall below an objective standard of reasonableness. As noted above, in considering petitioner's motion for a new trial, the court specifically found that Stone's representation was "vigorous" and "as good as, if not better than, the average case." Tr. of Sentencing at 12. Furthermore, Stone's trial performance must be considered in light of petitioner's numerous material misrepresentations, including those relating to the length of his involvement in the conspiracy and the dates on which he met with government informants. *See Strickland*, 466 U.S. at 691, 104 S.Ct. 2052 (noting that reasonableness may be substantially influenced by defendant's own statements or actions). For example, when Stone advised petitioner regarding his potential sentence and whether to agree to a plea, Stone acted on petitioner's statements that he ended his involvement before the effective date of the new Guidelines. Petitioner also gave false information regarding his conversations with government agents, thereby affecting Stone's decision to pursue the public authority defense. The above misrepresentations, moreover, formed a partial basis for the Court's perjury finding at trial. *See* Tr. of Sentencing at 22–34. Thus, absent evidence that Stone advised petitioner to commit perjury or that petitioner advised Stone in advance of petitioner's intention to commit perjury, the

Court cannot find trial counsel's performance ineffective.[3] Therefore, petitioner's claims of ineffectiveness must be rejected.[4]

### B. Petitioner's Claim Under Apprendi v. New Jersey

Petitioner next alleges that pursuant to the Supreme Court's decision in *United States v. Apprendi*, the Court erred in not instructing the jury that drug quantity was an element of the charged-offense that the prosecution had to prove beyond a reasonable doubt. In *Apprendi*, the Supreme Court held that "any fact" other than a prior conviction "that increases the penalty for a crime beyond the prescribed statutory maximum" is the functional equivalent of an "element of a greater offense," and "must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490, 494 n. 19, 120 S.Ct. 2348.

As an initial matter, the Fourth, Eighth, Ninth, and Eleventh Circuits, as well as many district courts have ruled that *Apprendi* does not apply retroactively on collateral review.[5] *See, e.g., Rivera v. United States*, 136 F.Supp.2d 263, 264–65

(S.D.N.Y.2001). Even were *Apprendi* applicable, petitioner's sentence did not exceed the alternative 240 month statutory maximum available—without a specific drug quantity finding by the Court—where there is an indeterminate amount of drugs. *See* 21 U.S.C. §§ 841(b)(1)(C), 960(b)(3); *see also United States v. Thomas*, 274 F.3d 655, 660 (2d Cir.2001) (en banc) (stating that *Apprendi* applies only "if the type and quantity of drugs involved in a charged crime may be used to impose a sentence above the statutory maximum"). Accordingly, petitioner's claim based on *Apprendi* is dismissed.[6]

### CONCLUSION

For the foregoing reasons, petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence shall be and hereby is denied. The Clerk of the Court is hereby directed to close the above-captioned action.

**It is SO ORDERED.**

---

3. In support of his claim, petitioner points to a August 1, 1996 letter by Stone to petitioner in which Stone advises petitioner to bring a claim of ineffective assistance of trial counsel on appeal. Because Stone's letter can properly be characterized as a strategic move intended to preserve petitioner's appellate options, it is not dispositive on the issue of unreasonableness. Moreover, any claims based on Stone's 1996 letter were available at the time of petitioner's post-trial motion and direct appeal, and thus, are procedurally barred.

4. Because petitioner has failed to establish the unreasonableness of trial counsel's performance, the Court need not consider the further question under *Strickland* of whether counsel's performance prejudiced petitioner's case.

5. Although the Second Circuit has not yet ruled on *Apprendi*'s retroactive applicability

to initial § 2255 petitions, it has decided that *Apprendi* is not applicable on second or successive petitions. *See Forbes v. United States*, 262 F.3d 143, 145–46 (2d Cir.2001). Moreover, the Second Circuit has decided that a rule shifting determination of materiality from judge to jury fails to qualify as a watershed rule, as defined in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and, therefore, should not be applied retroactively on collateral review. *See Bilzerian v. United States*, 127 F.3d 237, 241 (2d Cir.1997). The rule analyzed in *Bilzerian* is analogous to that in *Apprendi*, suggesting that *Apprendi* similarly should not be applied retroactively on collateral review.

6. The Court's conclusion is not affected by the Second Circuit's recent holding in *United States v. Guevara*, addressing an additional context within which *Apprendi* is applicable. In *Guevara*, petitioner's Criminal History Cat-

egory and base offense level of thirty-two (32) resulted in a Guidelines range of 168–210 months; however, because the sentencing judge found that the conspiracy involved more than one (1) kilogram of heroin and that petitioner was a repeat felon, the trial court ruled that petitioner was subject to a mandatory minimum of 240 months under § 841(b)(1)(A). *See* 277 F.3d 111, 117 (2d Cir.2001). In vacating the district court's sentence, the Second Circuit held that, under *Apprendi*, "a statutory minimum sentence specified in either § 841(b)(1)(A) or § 841(b)(1)(B) cannot mandate a prison sentence that exceeds the highest sentence to which the defendant would otherwise have been exposed [under the Guidelines] ... if the applicability of subsections (A) or (B) depends on a finding of drug quantity not made by the jury." *Id.* at 118; *see also Norris,* 281 F.3d at 361.

In the instant case, although the findings necessary to sentence petitioner under subsection (A) were made by the Court, not the jury, the resulting mandatory minimum sentence under subsection (A) of 120 months is not greater than the top of the otherwise applicable Guidelines range—*i.e.,* 293 months. Moreover, as explained in *Guevara, Apprendi* is not implicated by the Court's factual findings regarding drug quantity made in the course of determining the applicable Guidelines range. *See* 277 F.3d at 122n.7 ("This opinion therefore does not consider the ability of district judges to make findings—including findings of drug quantity—by a preponderance standard, so long as that finding is not used to mandate a mandatory minimum in excess of the Guideline range.").