**UNITED STATES of America,**
**Appellee,**

v.

**David MARTINEZ, Defendant–**
**Appellant,**

**No. 04–2075–CR.**

United States Court of Appeals,
Second Circuit.

June 24, 2005.

416

Benjamin M. Lawsky, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney, Karl Metzner, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Donna R. Newman, New York, NY, for Defendant–Appellant.

PRESENT: SOTOMAYOR, RAGGI, and HALL, Circuit Judges.

## SUMMARY ORDER

Appellant David Martinez ("Martinez") appeals from a judgment entered on April 19, 2004, in the District Court for the Southern District of New York sentencing him principally to 115 months' imprisonment for unlawfully possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the facts and procedural history of the case.

The district court imposed a four-point sentencing enhancement pursuant to United States Sentencing Guidelines Manual ("Guidelines") § 2K2.1(b)(5) based on, *inter alia*, its finding that Martinez possessed the prohibited firearm in connection with the commission of Reckless Endangerment in the First Degree under New York Penal Law § 120.25. Martinez claims that there was insufficient evidence to support the enhancement and that the district court's calculation of the Guidelines sentence therefore violated Martinez's rights under the Due Process Clause. We review *de novo* the district court's interpretation of the Guidelines, and we review the court's factual findings for clear error. *See United States v. Rubenstein,* 403 F.3d 93, 99 (2d Cir.2005). "A district judge has broad discretion 'as to what types of procedure are needed' at a sentencing proceeding for determination of relevant disputed facts." *United States v. Duverge Perez,* 295 F.3d 249, 254 (2d Cir.2002) (citation omitted). The court's discretion is "similarly broad 'either as to the kind of information [it] may consider, or the source from which it may come.'" *Id.* (citation omitted) (alteration in original). We review such determinations for abuse of discretion. *Id.*

First, we reject Martinez's contentions that four errors by the district court violated his due process rights. Martinez pled guilty to an indictment that charged him specifically with possession of a "High Point Firearms .380 caliber handgun." Thus, Martinez's belated suggestion on appeal that he did not admit to possessing that gun is plainly without merit. Martinez next argues that the court improperly relied on expert evidence that did not meet the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) With regard to the expert evidence, it is firmly established that the Federal Rules of Evidence ("FRE") do not apply at sentencing. *See United States v. Fell*, 360 F.3d 135, 144 (2d Cir.2004) ("[T]he FRE are inapplicable in numerous contexts, including ordinary sentencing proceedings before a trial judge." (citing FRE 1101(d)). *Daubert*, which articulated standards for applying FRE 702, is therefore inapposite. *See also United States v. Simmons*, 164 F.3d 76, 79 (2d Cir.1998) ("Generally, sentencing judges are not restricted to information that would be admissible at trial. Any information may be considered, so long as it has sufficient indicia of reliability to support its probable accuracy." (citation and internal quotation marks omitted)). Third, as we discuss in our accompanying opinion, we find no abuse of discretion or due process violation in the district court's consideration of hearsay testimony at the sentencing hearing. When considered in light of the ballistics evidence, the observations of the detectives, and Martinez's own admissions to the grand jury and to the district court, the hearsay testimony bore "sufficient indicia of reliability to support its probable accuracy." *Id.* (internal quotation marks

and citation omitted). Finally, we reject Martinez's contention that the charged conduct did not suffice to constitute first-degree reckless endangerment under New York law. This is not a situation in which a defendant merely pointed a gun, *see People v. Lawrence*, 176 A.D.2d 965, 966, 575 N.Y.S.2d 685 (2d Dep't 1991); nor is it similar to a situation in which a defendant merely shoots a gun into the air, *see People v. Davis*, 72 N.Y.2d 32, 36–37, 530 N.Y.S.2d 529, 526 N.E.2d 20 (1988) ("[S]hooting a pistol into the air or in the general direction of a roadway but considerably short of it does not constitute reckless endangerment.") (citations omitted)). Here, the evidence clearly established, at a minimum, that Martinez (1) went to the apartment for the very purpose of engaging in some sort of altercation, (2) punched the person living there as soon as she opened the door, (3) possessed a firearm, (4) was high on PCP, and (5) fired the gun. Considering these facts together, the district court did not err in concluding that Martinez had committed reckless endangerment in the first degree.[1]

We dispose of Martinez's Sixth Amendment claims under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) and *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) in an accompanying opinion, in which we also remand the case to the district court for proceedings consistent with this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

For the foregoing reasons, the judgment of the district court is AFFIRMED IN PART and REMANDED for further pro-

---

1. Because the commission of first-degree reckless endangerment is sufficient to support the four-point enhancement under § 2K2.1(b)(5), we do not address the district court's findings with regard to attempted murder or narcotics violations.

418

ceedings consistent with this order and the accompanying opinion.