**UNITED STATES of America,**
**Appellee,**

v.

David DELAROSA, Robert Melendez, Emenson Peters, Erven Jean, Paul Blackmond, Brian Brock, Ray Oglesby, Rob Underwood, Ruben Ramos, Oscar Caesar, Sanuel Asiedu, Michael Green, Brandon Green, Bernard Wheeler, Angel Martinez, Arnaldo Gener, Raymond Castillo, Candido Serrano, Alexis Hernandez, Defendants,

**William Delarosa, Defendant–Appellant.**

No. 05–3497–cr.

United States Court of Appeals,
Second Circuit.

March 15, 2006.

Jacob W. Buchdahl (Kevin R. Puvalowski, on the brief), Assistant United States Attorneys, for Micheal J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Kristin Larsen, Martin J. Siegel, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

William Delarosa ("Delarosa") pleaded guilty to a one-count indictment that charged Delarosa and nineteen co-defendants with a conspiracy under 21 U.S.C. § 846 to distribute and possess with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A). On June 13, 2005, District Judge Sweet sentenced Delarosa to 188 months imprisonment, followed by a five-year term of supervised release, and entered a corresponding judgment of conviction on June 28, 2005. Delarosa appeals this sentence, arguing that it should be vacated and the matter remanded for resentencing because the district court failed to make specific factual findings, based on reliable evidence, in support of a three-level role enhancement under Section 3B1.1(b) of the United States Sentencing Guidelines. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

The district court did not clearly err in finding that Delarosa was "a manager or supervisor (but not an organizer or leader) [in] criminal activity involv[ing] five or more participants," and thus subject to a three-level sentencing enhancement for his role in the offense. U.S.S.G. § 3B1.1(b). The court provided adequately "specific factual findings as to that role," so that this court could perform "meaningful ap-

pellate review." *United States v. Birkin,* 366 F.3d 95, 102 (2d Cir.2004). The court cited testimony that labeled Delarosa as a manager and described the duties of persons in that role, and this evidence indeed supported the district court's findings as to Delarosa's supervisory responsibilities. *See United States v. Blount,* 291 F.3d 201, 217 (2d Cir.2002) (upholding imposition of the role enhancement where trial evidence indicated the defendant's specific role in the drug operation).

Nor did the district court rely on improper or unreliable evidence in reaching its conclusion. *United States v. Martinez,* 413 F.3d 239, 242 (2d Cir.2005) ("[T]he right of confrontation does not apply to the sentencing context and does not prohibit the consideration of hearsay testimony in sentencing proceedings."); *United States v. Simmons,* 164 F.3d 76, 79 (2d Cir.1998) (per curiam) (holding that otherwise inadmissible evidence may be considered at sentencing, "so long as it has sufficient indicia of reliability to support its probable accuracy" (internal quotation omitted)); *United States v. Carmona,* 873 F.2d 569, 574 (2d Cir.1989) (upholding the consideration, for sentencing purposes, of testimony adduced at the trial of a co-defendant).

We have considered all of Delarosa's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.