*United States v. Fletcher*

# United States Court of Appeals
# For the Second Circuit

August Term 2024

Argued:  April 7, 2025
Decided:  April 21, 2025

No. 23-6693

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

HERBERT FLETCHER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of New York
No. 21-cr-227, Edward R. Korman, *Judge.*

Before:  LEVAL, WESLEY, and SULLIVAN, *Circuit Judges.*

Herbert Fletcher appeals from a judgment of conviction of the United States District Court for the Eastern District of New York (Korman, *J.*) following his guilty plea to engaging in sex tourism involving a minor female.  The district court sentenced Fletcher to ninety-one months' imprisonment, to be followed by five years' supervised release.  On appeal, Fletcher argues that his sentence was procedurally unreasonable because the district court (1) failed to calculate the applicable United States Sentencing Guidelines ("Guidelines") range and (2)

conferred *ex parte* and off-the-record with a United States Probation Officer both before and during sentencing. We are not persuaded. *First*, the record makes clear that the district court calculated the applicable Guidelines range. *Second*, we hold that a district court is permitted to confer *ex parte* with a probation officer to seek advice or analysis as long as the officer does not reveal new facts that bear on sentencing. If the officer provides new factual information, the district court may not rely on those facts unless they are disclosed to the parties and each side has had a reasonable opportunity to comment. Because nothing in the record suggests that new factual information was provided here, we conclude that the district court did not err in conferring with the probation officer before and during sentencing. Accordingly, we **AFFIRM** the judgment of the district court.

AFFIRMED.

HENRY E. MAZUREK (Ilana Haramati, Jason I. Ser, *on the brief*), Meister Seelig & Fein PLLC, New York, NY, *for Defendant-Appellant*.

RACHEL A. BENNEK (Dylan A. Stern, *on the brief*), Assistant United States Attorneys, *for* Carolyn Pokorny, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee*.

PER CURIAM:

Herbert Fletcher appeals from a judgment of conviction of the United States District Court for the Eastern District of New York (Korman, *J.*) following his guilty plea to engaging in sex tourism involving a minor female, in violation of 18 U.S.C. § 2423(c). The district court sentenced Fletcher to ninety-one months' imprisonment, to be followed by five years' supervised release. On appeal,

2

Fletcher argues that his sentence was procedurally unreasonable because the district court (1) failed to calculate the applicable United States Sentencing Guidelines ("Guidelines") range and (2) conferred *ex parte* and off-the-record with a United States Probation Officer both before and during sentencing. We are not persuaded. *First*, the record makes clear that the district court calculated the applicable Guidelines range. *Second*, we hold that a district court is permitted to confer *ex parte* with a probation officer to seek advice or analysis as long as the officer does not reveal new facts that bear on sentencing. If the officer provides new factual information, the district court may not rely on those facts unless they are disclosed to the parties and each side has had a reasonable opportunity to comment. Because nothing in the record suggests that new factual information was provided here, we conclude that the district court did not err in conferring with the probation officer before and during sentencing. Accordingly, we AFFIRM the judgment of the district court.

## I. BACKGROUND

Fletcher is a United States citizen who permanently moved to Colombia in 2017. On October 9, 2019, he was arrested in Colombia on charges related to the sexual exploitation of minors but was subsequently released in February 2020. At

the time of his arrest, the Colombian National Police seized Fletcher's phone, which they later provided to U.S. law-enforcement agents. After obtaining a warrant, the agents searched Fletcher's phone, which generated thousands of pages of messages and revealed a long and extensive history of Fletcher paying to have sexual relations with girls under the age of eighteen in Colombia. One such victim was Jane Doe, who described having sex with Fletcher in Medellín on numerous occasions in exchange for money. At the time of these sexual encounters, Jane Doe was sixteen years old, and Fletcher was approximately thirty-eight years old. At least four other victims advised law-enforcement officers that they had engaged in sexual relations with Fletcher while they were minors, and the alleged conduct spanned the course of six years.

On April 4, 2021, Fletcher traveled to the United States and was arrested upon arrival at Miami International Airport. On April 26, 2021, he was charged in a two-count indictment with conspiracy to engage in sex tourism in violation of 18 U.S.C. § 2423(e) and sex tourism in violation of 18 U.S.C. § 2423(c). Section 2423(c) makes it a crime for a U.S. citizen to "travel[] in foreign commerce or reside[], either temporarily or permanently, in a foreign country, and engage[] in any illicit sexual conduct with another person." On November 1, 2022, Fletcher pleaded

guilty to the section 2423(c) count pursuant to a written plea agreement with the government. That plea agreement stipulated to a Guidelines range of 57 to 71 months' imprisonment, which was based on a total offense level of 25 and criminal history category of I.

In advance of sentencing, the United States Probation Office ("Probation") issued a presentence investigation report ("PSR"), which included the same offense-level calculations as the plea agreement but found that Fletcher fell within criminal history category II. Then, on May 23, 2023, Probation filed an addendum to the PSR, which revised Fletcher's criminal history to category I and recommended that the district court impose a two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(2)(B) in light of Fletcher's exercise of undue influence over a minor victim. On the morning of sentencing on May 31, 2023, Probation submitted a second addendum that again included the two-level enhancement and also recommended a five-level enhancement pursuant to U.S.S.G. § 4B1.5(b)(1) because Fletcher engaged in a pattern of activity involving prohibited sexual conduct. Probation therefore calculated a new total offense level of 32 and a Guidelines range of 121 to 151 months' imprisonment.

Fletcher appeared for sentencing that afternoon, at which time two victims testified. One recounted how "it ha[d] been very difficult for [her] to move on with [her] life" and that Fletcher's conduct "caused [her] a lot of harm in [her] mental health," leading to "depression episodes and anxiety." Fletcher App'x at 186. The other victim explained that she had not "been able to have a normal life," "to work normally or study normally," or to have "one night in peace" because she "always live[s] in fear" and is "always paranoid." *Id.* at 189–90. At sentencing, the parties also discussed whether the district court should apply the two enhancements recommended by Probation. According to Fletcher, the district court never resolved those sentencing disputes and never calculated the Guidelines range before sentencing him to ninety-one months' imprisonment and five years' supervised release. Fletcher timely appealed, challenging the procedural reasonableness of his sentence.

## II.    LEGAL STANDARDS

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to

6

explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks omitted). However, if a defendant does not raise an objection on these procedural grounds at the time of sentencing, our review is confined to plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). To establish plain error, a defendant must show "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant's] substantial rights; and (4) the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020) (internal quotation marks omitted). The defendant bears the burden of establishing each of these elements. *See United States v. Dussard*, 967 F.3d 149, 156 (2d Cir. 2020). We have warned that "reversal for plain error should be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007) (internal quotation marks omitted).

## III. DISCUSSION

### A. The district court calculated the applicable Guidelines range.

Fletcher first argues that the district court committed procedural error by failing to calculate the applicable Guidelines range. But this argument is belied by the record below. At the sentencing hearing, the district court declined to apply

the two enhancements recommended by Probation and made clear that it "agree[d] with the [d]efendant that the [G]uideline[s] [range] was 57 to 71 months." Fletcher App'x at 197–98; *see also id.* at 199 (noting that the district court was "ruling in [Fletcher's] favor on this issue of saying that [the Guidelines range is] 57 to 71" months). Likewise, when imposing Fletcher's sentence, the district court began its analysis with the 57-to-71-month Guidelines range to which both the government and Fletcher stipulated in the written plea agreement. *See id.* at 240. The district court then varied upward due to the "prolific" and "revolting" nature of Fletcher's conduct and the need for general deterrence, which the district court identified as "the most significant . . . factor." *Id.* at 241. The district court confirmed these findings in its written statement of reasons, which identified the total offense level as 25, the criminal history category as I, and the Guidelines range as 57 to 71 months' imprisonment. The statement of reasons reiterated that the district court imposed an above-Guidelines sentence due to, among other things, Fletcher's "prolific pattern of soliciting sex from minors," its impact on the victims, and the deterrent value. Sealed App'x at 8.

Despite this record, Fletcher makes much of the fact that the district court mentioned once in passing that he received a "significant reduction" because the

8

stipulated Guidelines range did not include either of the enhancements recommended by Probation. Fletcher App'x at 241. However, the district court repeatedly made clear that it was "not considering" the higher Guidelines range that Probation had calculated. *Id.* at 242; *see also id.* at 251 ("I said I didn't consider it."). For these reasons, we conclude that the district court complied with the procedural requirement of determining the applicable Guidelines range.

## B. The district court did not err in conferring with the probation officer *ex parte* and off-the-record.

Fletcher next argues that the district court erred by conferring *ex parte* and off-the-record with Deputy Chief Probation Officer Mark Gjelaj both before and during the sentencing proceeding. Because Fletcher did not raise this objection at the time of sentencing, our review is confined to plain error.[1] Our first step is therefore to determine whether there was any error. *See Moore*, 975 F.3d at 90.

Because we have not yet addressed whether a district court may confer *ex parte* and off-the-record with a probation officer in relation to sentencing, we begin

---

[1] Citing our decision in *United States v. Velasquez*, 136 F.3d 921, 923 (2d Cir. 1998), Fletcher asserts that he adequately preserved this argument by filing a written objection two days after sentencing. However, our subsequent case law makes clear that to preserve a procedural challenge on appeal, a defendant must object "at the time of sentencing." *Verkhoglyad*, 516 F.3d at 128. Indeed, Federal Rule of Criminal Procedure 51(b) explains that "[a] party may preserve a claim of error by informing the court – *when the court ruling or order is made* or sought – of . . . the party's objection to the court's action." Fed. R. Crim. P. 51(b) (emphasis added).

with first principles. "It is well-settled that factfinding used to guide judicial discretion in selecting a punishment within limits fixed by law does not implicate the Sixth Amendment, even though such findings of fact may lead judges to select sentences that are more severe than the ones they would have selected without those facts." *United States v. Washington*, 103 F.4th 917, 923 (2d Cir. 2024) (internal quotation marks omitted). In other words, "a judge selecting a sentence within a statutorily authorized range is not limited – at least by the Sixth Amendment – to considering facts found by a jury or admitted by the defendant." *Id.* Likewise, we have held that the Federal Rules of Evidence do not apply at sentencing, *see United States v. Fell*, 360 F.3d 135, 144 (2d Cir. 2004), and that "sentencing judges are not restricted to information that would be admissible at trial," *United States v. Simmons*, 164 F.3d 76, 79 (2d Cir. 1998) (internal quotation marks omitted).

Nevertheless, the Due Process Clause of the Fifth Amendment and Federal Rule of Criminal Procedure 32 impose some limits on the information that a district court may consider at sentencing. For example, a district court may not rely on erroneous information. *See United States v. Doe*, 938 F.3d 15, 18–19 (2d Cir. 2019). Likewise, Rule 32(i)(1)(B) requires that a sentencing court "give to the defendant and an attorney for the government a written summary of – or

10

summarize *in camera* – any information excluded from the presentence report . . . on which the court will rely in sentencing, and give them a reasonable opportunity to comment on that information." We have therefore explained that a defendant must be "on notice of all relevant information that could be used in determining his sentence and [have] an opportunity to make appropriate objections." *United States v. Romano*, 825 F.2d 725, 730 (2d Cir. 1987); *see also United States v. Berrios-Miranda*, 919 F.3d 76, 80 (1st Cir. 2019) ("[A] defendant must be provided with a meaningful opportunity to comment on the factual information on which his or her sentence is based." (internal quotation marks omitted)); *United States v. Baldrich*, 471 F.3d 1110, 1114 (9th Cir. 2006) ("Rule 32 . . . require[s] the disclosure of all relevant factual information to the defendant.").

Turning to the role of probation officers, we have long recognized that they occupy a unique position in our criminal justice system "as an arm of the court." *Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir. 1987). Indeed, we have described probation officers as "confidential advisers" who are "the court's eyes and ears" and "neutral information gatherer[s] with loyalties to no one but the court." *United States v. Young*, 910 F.3d 665, 668–69 (2d Cir. 2018) (internal quotation marks omitted). Rule 32 itself contemplates that a probation officer may make

11

confidential recommendations to the district court. *See* Fed. R. Crim. P. 32(e)(3).

For these reasons, our sister circuits have explained that "a sentencing court's communications with [a] probation officer are fundamentally different from its communications with third parties." *United States v. Bramley*, 847 F.3d 1, 6 (1st Cir. 2017); *see also United States v. Johnson*, 935 F.2d 47, 49–50 (4th Cir. 1991) ("[A] probation officer continues to be a neutral, information-gathering agent of the court, not an agent of the prosecution.").

In light of these principles, we hold that a district court is permitted to confer *ex parte* and off-the-record with a probation officer to seek advice or analysis as long as the officer reveals no new facts that bear on sentencing. *See Bramley*, 847 F.3d at 7. If the officer provides new factual information, the district court may not rely on those facts unless they are first disclosed to the parties and each side has had a reasonable opportunity to comment. *See* Fed. R. Crim. P. 32(i)(1)(B).

Applying this holding to the facts of this case, we conclude that Fletcher has failed to establish that Officer Gjelaj conveyed any new factual information upon which the district court relied at sentencing. We note that on plain-error review, the defendant carries the burden of establishing each of the elements. *See Dussard*, 967 F.3d at 156. Fletcher cannot do so here because he relies on mere speculation.

For example, he asserts that the frequency and length of the district court's discussions with Officer Gjelaj "strongly *suggest* that these consultations were a means for the court to address its sentencing questions, *presumably* factual and legal in nature." Fletcher Br. at 47 (emphases added). Fletcher likewise argues that the timing of Probation's recommendation of a five-level enhancement pursuant to U.S.S.G. § 4B1.5(b)(1) – on the day of the sentencing hearing – supports an inference that Officer Gjelaj must have disclosed new factual information in support of that recommendation. But this ignores the facts set forth in the PSR, which already supported application of the enhancement. *See* PSR ¶ 15 ("[M]ultiple victims have reported to law enforcement engaging in sex with Fletcher when they were minors, evidencing Fletcher's long pattern of soliciting commercial sex from minors.").

Fletcher's arguments are also belied by the district court's explanation that it "relied only on the facts in the PSR, PSR Addendum, the parties' submissions, and the arguments and statements made in open court." Fletcher App'x at 168. As in *Bramley*, "[t]he fact that the judge took pains to enumerate the materials upon which he was basing his decision . . . argues against an assumption that the probation officer gave him new, undisclosed information." 847 F.3d at 8. At the

end of the day, "[o]n this empty record, there is simply no basis for concluding that the conversations" between the district court and Officer Gjelaj "involved new facts or raised new matters." *Id.* Had Fletcher objected below, the district court might have elaborated on its communications with Officer Gjelaj. But given Fletcher's failure to object and the absence of any evidence contradicting the district court's representation that it "relied only on the facts" presented to the parties, Fletcher App'x at 168, we will not engage in rank speculation and simply assume that the district court acted improperly here. Accordingly, we conclude that Fletcher has failed to establish that the district court erred – let alone plainly erred – by conferring with Officer Gjelaj regarding his sentencing.

## IV. CONCLUSION

For all the foregoing reasons, we **AFFIRM** the judgment of the district court.