25-25-cr
United States v. Cheema

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-five.

PRESENT: JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    No. 25-25-cr

SURINDER SINGH CHEEMA,

*Defendant-Appellant*.[*]

------------------------------------------------------------------

---

[*] This appeal was consolidated with the appeal of Defendant-Appellant Bhupinder Singh Virk, No. 24-2017. Counsel for Virk has moved for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Government has moved to dismiss Virk's appeal and for summary affirmance. We address these motions in a separate order. The Clerk of Court is directed to amend the caption of No. 25-25 as set forth above.

FOR DEFENDANT-APPELLANT:    JEFFREY COHN, ESQ., New York, NY

FOR APPELLEE:    MATTHEW R. SHAHABIAN (Thomas S. Burnett, Jane Y. Chong, Michael D. Maimin, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (John P. Cronan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Surinder Singh Cheema appeals from a December 20, 2024 judgment of the United States District Court for the Southern District of New York (Cronan, *J.*) sentencing him principally to 216 months' imprisonment. Cheema's conviction follows his guilty plea to conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). Cheema challenges his sentence on multiple grounds. We assume the parties' familiarity with the

underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Cheema first argues that the eight-month delay between his originally scheduled sentencing date and the date he was ultimately sentenced violated his due process right to a prompt sentencing. "In order to determine whether a defendant has been deprived of [his] due process right to a prompt sentencing, we must consider [1] the reasons for the delay as well as [2] the prejudice to the accused." *United States v. Ray*, 578 F.3d 184, 199 (2d Cir. 2009) (quotation marks omitted). The District Court granted the Government's multiple requests to adjourn for good reasons. The Government's first opposed request to adjourn occurred after it uncovered new evidence suggesting Cheema's continued post-conviction involvement in narcotics trafficking, including a narcotics-related shooting in Canada, while Cheema was in federal custody. Two further adjournment requests resulted from the Government's need to obtain evidence from Canada. Finally, Cheema's sentencing submission contradicting the new post-conviction evidence that the Government had adduced prompted the Government's final request for an adjournment. None of these adjournments suggest that "the [G]overnment intended to cause [a] delay" or even "that

[Cheema's] case was allowed to languish due to ordinary negligence." *Id.* at 200. We therefore conclude that Cheema has failed to "show an . . . unjustified reason for the delay." *Id.* at 199; *see United States v. Paul*, 634 F.3d 668, 674 (2d Cir. 2011).

Cheema also argues that his sentence is procedurally unreasonable for two reasons: first because the District Court considered his uncharged post-arrest conduct, and second because it failed to specify what portion of the sentence it imposed was attributable to Cheema's post-arrest conduct. We disagree.

A sentencing court may consider "uncharged conduct proven by a preponderance of the evidence as long as that conduct does not increase either the statutory minimum or maximum available punishment." *United States v. Ulbricht*, 858 F.3d 71, 128 (2d Cir. 2017), *abrogated on other grounds by Carpenter v. United States*, 585 U.S. 296 (2018); *see United States v. Martinez*, 525 F.3d 211, 214–15 (2d Cir. 2008). Following a *Fatico* hearing, the District Court found by a preponderance of the evidence that Cheema encouraged and facilitated acts and threats of violence to collect on a drug debt. Cheema does not claim that the District Court's finding increased his statutory maximum or his mandatory minimum sentence. At most, he suggests that it may have created an unwarranted disparity with another criminal defendant who was in any event

4

not similarly situated. We accordingly identify no procedural error in the District Court's consideration of the uncharged conduct. Nor are we persuaded by Cheema's argument, made after his sentence was imposed and judgment entered, *see United States v. Fletche*r, 134 F.4th 708, 712 n.1 (2d Cir. 2025), that the District Court should have specified what portion of Cheema's sentence was attributable to Cheema's post-arrest conduct.[1] None of our precedents announce such a requirement. *Cf. United States v. Williams*, 998 F.3d 538, 541 (2d Cir. 2021).

Finally, Cheema argues that the District Court violated his constitutional right to confrontation at sentencing by admitting third-party records without requiring the Government to call a record custodian to testify. We reject this argument because "[b]oth the Supreme Court and this Court . . . have consistently held that the right of confrontation does not apply to the sentencing context and does not prohibit the consideration of hearsay testimony in sentencing proceedings." *United States v. Martinez*, 413 F.3d 239, 242 (2d Cir. 2005).

---

[1] The parties dispute whether this issue should be reviewed for plain error. Because we conclude that Cheema's argument fails even on *de novo* review, we need not address this question.

We have considered Cheema's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court